**C. R. CUMMINS, Inc., v. COUCH CONST. CO. et al.**

**No. 1273.**

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

Pujo, Bell & Hardin, of Lake Charles, for appellants.

Modisette & Adams and J. B. Fourñet, all of Jennings, for appellee.

LE BLANC, Judge.

On June 25, 1930, Couch Construction Company entered into a contract with the Louisiana highway commission for the building of a paved highway known as the Welsh-Mermentau highway in the parish of Jefferson Davis; the project being designated by the Louisiana highway commission as state project (bond) 3501. Part of the work to be performed was subcontracted, on September 11, 1930, to Wofford & Co., and the latter in turn entered into a contract with Lake Arthur Dredging Company under which this company agreed to make the dragline fill of approximately 22,000 cubic yards of dirt for the sum of 20 cents per cubic yard. The contract, which is in the form of a proposal by letter of the Lake Arthur Dredging Company and accepted by Wofford & Co., provides that "the work is to be done under the supervision of the Louisiana Highway engineers and according to stakes to be set by them. The earth will be distributed as nearly to grade line as is practical to do with a drag line dredge, but it is not contemplated that any hand work or other machine dressing is to be done." On September 13, 1930, Lake Arthur Dredging Company assigned its contract, with the approval of Wofford & Co., to C. R. Cummins, Inc., who executed it. The latter company claims that the total amount due for their work is the sum of $4,433.34, on which there was paid on November 2, 1930, the sum of $742.88 and on November 8, 1930, the sum of $1,200. Demand upon Wofford & Co. and Couch Construction Company and the latter's surety, Union Indemnity Company, for payment of the balance claimed, having been refused and the work having been completed, C. R. Cummins, Inc., recorded a sworn itemized statement of the account in the mortgage records of Jefferson Davis parish and filed certified copies thereof with the Louisiana highway commission, with Couch Construction Company and with Wofford & Co. The Louisiana highway commission still retained funds due Couch Construction Company on its contract to which claim was being made by both Couch Construction Company and C. R. Cummins, Inc. The highway commission having failed to provoke a concursus calling upon all parties interested to come and assert their claims to the fund, plaintiff herein, C. R. Cummins, Inc., instituted this proceeding, claiming that, after failure of the highway commission to do so, it had the right to provoke the concursus.

All of the foregoing facts are recited in plaintiff's petition wherein it prayed to have the Louisiana highway commission, Couch Construction Company, Union Indemnity Company, and Wofford & Co. cited to the end that their respective rights and claims to the fund might be fixed and determined and further that there be judgment in its favor and against them all, in solido, in the full sum of $4,433.34, less the two credits of $742.88 and $1,200, with interest and 10 per cent. attorney's fees on the aggregate amount of the principal and interest.

All parties cited appeared and made answer to the petition of plaintiff. The answers of the Louisiana highway commission and of Wofford & Co. consisted merely of denials from lack of sufficient information. Couch Construction Company and Union Indemnity Company filed a joint answer in which the sole and only issue in the controversy is raised. The issue is that the work performed by plaintiff was not done in accordance with its agreement and the specifications of the Louisiana highway commission and that defendant Couch Construction Company was forced to do a great deal of that work itself before it complied with those plans and specifications and before it would be accepted. The total cost of the work as set out by plaintiff is admitted, and, in addition to the payments therein alleged to have been made, the further sum of $764.44 is admitted to be due. The balance amounting to the sum of $1,726.-02 they claim to have been forced to expend on the work that had been improperly done by the plaintiff and which they had to correct or do over. Limited to that issue, the case presents a simple question of fact as to whether or not the work done by plaintiff was so poorly done and failed so far in meeting the specifications of the contract that defendant Couch Construction Company had to spend the sum they claim in doing it over, or in correcting it. On this question the district judge found in favor of the plaintiff and against the Construction Company, Union Indemnity Company, and Wofford & Co. Inasmuch as the Louisiana highway commission

had paid over the remaining funds in their hands to Couch Construction Company, on the latter's bond, after having been served with citation in this proceeding, judgment also went against the commission in solido, as well, for the full amount of the claim, including attorney's fees.

■ The defense of Couch Construction Company being in the nature of a plea in compensation or offset, the burden was on it to prove that the money claimed to have been spent by them was for work and labor that went into this particular job. This it has utterly failed to do.

■ The work claimed to have been improperly performed and which witnesses for defendant testify had to be corrected consisted of realigning and regrading the fill at an S-curve in the road and in back-filling barrow pits which it is said had been dug too deep by plaintiff and interfered with the drainage of the road.

With regard to the realignment and regrading of the fill at the S-curve, there is considerable conflict in the evidence on the point as to the exact character and nature of the work defendant claims to have done, and whether it was not some of the hand work or machine dressing which plaintiff's contract expressly provided was not contemplated within its terms. However, the testimony of J. S. Butler, instrument man of the Louisiana highway commission, who appears to have been in charge of the work while it was going on, seems to resolve the doubt on that point in favor of the plaintiff. He says that the dragline work that was done by plaintiff looked satisfactory to him and that whatever extra work Couch Construction Company did after the dragline work was what is considered as "dressing up." There is other testimony to the effect that the filling and grading as done by plaintiff was as much as could have been done with a dragline machine, and that is the only kind of work that was required of it under its contract.

Whilst the evidence does show that the barrow pits at some points were below the drainage level and had to be back-filled, it is also shown that in some instances this was occasioned by the shortage of dirt on the width of the right of way from which it was taken to make the fill, and to get enough it was necessary to dig the barrow pits a little deeper, and in others by the absence of level stakes. In either case there is nothing to show that these are matters for which the plaintiff could have been held accountable.

Aside from all this, however, a most serious doubt is thrown around the whole of defendant's testimony concerning the work it claims to have been forced to do and for which they have charged the plaintiff. In its answer it is averred that the work had to be done in order to comply with the plans and specifications of the highway commission and before the latter would accept it. In support of this, proof is offered to show a demand to that effect on the part of the commission by letter of M. D. Watkins, resident engineer, which letter is dated March 11, 1931. In proving the different items charged, however, every one is for work done in the months of January and February. This discrepancy is left unexplained, and it is our opinion, as it was that of the district judge, that it greatly affects the evidence of the defendant regarding its claim against the plaintiff. We believe that it was properly disallowed and that judgment was correctly rendered in favor of the plaintiff.

The Louisiana highway commission appealed, but has made no appearance before this court to dispute the correctness of the judgment as rendered against it.

■ The judgment also properly allowed attorney's fees, as these are provided for by the statutes regulating concursus proceedings of this character. See Act No. 224 of 1918. In its decree for attorney's fees, however, the judgment of the lower court may be construed to have allowed 10 per cent. on the total amount of the original cost of the work done by plaintiff without taking into account the credits admitted by the petition. We do not think that such was the intention, but, inasmuch as counsel for plaintiff have, in a supplemental brief, made it plain that plaintiff does not claim attorney's fees on any more than the amount that was in actual contest as shown by the petition at the time it was filed, and which we think plaintiff is entitled to recover, we deem it proper to amend the decree by recasting it in the following words and figures, to wit:

It is therefore ordered, adjudged, and decreed that the plaintiff, C. R. Cummins, Inc., have judgment against the defendants Couch Construction Company, Union Indemnity Company, Louisiana highway commission, and Wofford & Co., in solido, in the full sum of $2,490.45, with interest thereon at the rate of 5 per cent. per annum from March 14, 1932, until paid, with 10 per cent. additional on the aggregate amount of principal and interest for attorney's fees, subject to a credit of $764.44 paid on April 20, 1932.

In all other respects, the judgment and decree appealed from is hereby affirmed.